UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHAN MIN JEON,

          Plaintiff,

  -against-

THE PAVILION AT QUEENS FOR
REHABHABILITATION & NURSING,

          Defendant.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-5114 (CBA) (RLM)

**AMON, United States District Judge:**

Pro se plaintiff Chan Min Jeon brings this discrimination action against The Pavilion at Queens for Rehabilitation & Nursing ("Queens Rehab") in Flushing, Brooklyn. (D.E. # 1 ("Compl.") at 1–4.)[1] Jeon was demoted from a full-time to part-time position which he alleges violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Queens Rehab moves to dismiss or for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(b) or 12(c), arguing that Jeon has failed to allege a protected characteristic as is required to state a discrimination claim. (D.E. # 16 ("Def. Mem.") at 6.). For the following reasons, Queens Rehab's motion to dismiss is granted, but Jeon is granted leave to amend.

## BACKGROUND

Jeon alleges that in October 2011 he was "fired unjustly" from his job as a food service worker at Queens Rehab. (Compl. at 7.) On February 12, 2012, Jeon filed a complaint with the New York City Commission on Human Rights ("Commission") charging Queens Rehab with unlawful discriminatory practices and on May 15, 2013 the Commission executed and mailed a Conciliation Agreement ("Agreement") to Jeon. (Id. at 30–31.) The Agreement served as a

---

[1] The pagination is based on the ECF page number.

1

settlement between Jeon and Queens Rehab, established new terms for Jeon's employment at Queens Rehab, and re-installed Jeon to his former seniority status as a full-time worker with a five-day workweek. (Id. at 30–38.)

In or around March 2015, Queens Rehab reduced Jeon's work hours and informed him that he was no longer a full-time worker. (Id. at 7.) In June 2015, Jeon filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"), which on July 13, 2015, mailed Jeon a "Dismissal and Notice of Rights" letter. (Id. at 7, 9.) The letter concluded that Queens Rehab's reduction in Jeon's work hours was not an "adverse employment action motivated by discriminatory animus as defined by the Commission guidelines and federal law." (Id. at 10.)

Thereafter, on October 5, 2015, Jeon timely filed this lawsuit, in which he alleges that he was subjected to "[u]nequal terms and conditions of [his] employment" by Queens Rehab. (Id. at 6.) Jeon claims that the Agreement "clearly states that [he] work a full-time schedule, which equals five days a week," and that this requirement was violated when he was demoted. (Id. at 7.) Jeon does not allege that he is a member of a protected class or that his demotion was motivated by discriminatory animus towards that class. (Id. 6–7.)

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In deciding a motion to dismiss, the Court accepts all well-pleaded allegations as true, construes these allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. Gonzalez v. Hasty, 802 F.3d 212, 219 (2d Cir. 2015).

A complaint filed pro se must be construed liberally and interpreted to raise the strongest claims that it suggests. Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013). Even a pro se complaint, however, cannot survive a motion to dismiss based merely on "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678) (alteration omitted). Nevertheless, "the court should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

## DISCUSSION

To defeat a motion to dismiss or a motion for judgment on the pleadings in a Title VII discrimination case, a plaintiff must plead facts plausibly supporting that (1) plaintiff was a member of a protected class, (2) was qualified for his position, (3) suffered an adverse employment action, and (4) there exists "at least minimal support for the proposition that the employer was motivated by discriminatory intent." Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015). A complaint "need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination," but rather must allege facts that "give plausible support to a minimal inference of discriminatory motivation." Id. at 311.

Queens Rehab argues that Jeon's complaint fails to allege that he is a member of a protected class and, accordingly, any circumstances giving rise to an inference of discrimination on the basis of such membership. (Def. Mem. at 8.) The Court agrees.

Jeon's complaint does not indicate that he is a member of a protected class. (Compl. at 6.) Jeon utilized a form complaint to initiate this action. At question seven, the form asks a plaintiff

to indicate on what basis the defendant discriminated against him. (Id.) This section is left blank. (Id.) Therefore, Jeon's complaint fails to plausibly support his membership in a protected class, and his claim would fail for that reason alone. See Patane v. Clark, 508 F.3d 106, 112 n.3 (2d Cir. 2007) (upholding dismissal where plaintiff "failed to allege even the basic elements of a discriminatory action claim").

Nor does Jeon allege that the adverse employment action that he allegedly suffered came as a result of Queens Rehab's desire to discriminate based on his protected characteristic. Although Jeon's demotion from full-time to part-time status may be "sufficiently disadvantageous to be considered an adverse employment action," Williams v. R.H. Donnelly, Corp., 368 F.3d 123, 128 (2d. Cir. 2004), Jeon fails to plead facts which "give plausible support to the conclusion that the demotion occurred under circumstances giving rise to an inference of discrimination" against an interest protected by Title VII, Littlejohn, 795 F.3d at 312. Jeon is plainly unable to make this connection because he does not allege that he is a member of a protected class.

## CONCLUSION

For these reasons, the Court grants Queens Rehab's motion to dismiss. Given his pro se status, Jeon is granted leave to amend his complaint within thirty (30) days of this Order. To avoid dismissal—and assuming that the allegations are truthful—Jeon's amended pleading must plausibly allege his membership in a protected class, as well as facts plausibly supporting the inference of a discriminatory motive behind his demotion. See Littlejohn, 795 F.3d at 311.

SO ORDERED.
Dated: March 22, 2016
       Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge