UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHAN MIN JEON,

                Plaintiff,

    -against-

THE PAVILION AT QUEENS FOR
REHABHABILITATION & NURSING,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-5114 (CBA) (RLM)

**AMON, United States District Judge:**

Pro se plaintiff Chan Min Jeon brought this discrimination action against The Pavilion at Queens for Rehabilitation & Nursing ("Queens Rehab"), alleging that he was demoted from a full-time position to a part-time position in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (D.E. # 1 ("Compl.") at 1–4.) Based on Jeon's failure to allege that he is a member of a protected class or any circumstances giving rise to an inference of discrimination on the basis of such membership, this Court issued a Memorandum and Order on March 24, 2017, dismissing the case but granting Jeon 30 days to amend his complaint to properly state a cause of action. (D.E. # 17 ("M&O") at 4.) Jeon timely filed a declaration in response to the M&O, which, given his pro se status, this Court construes as an amended complaint. (D.E. # 18 ("Am. Compl.").)

In his amended complaint, Jeon disclaims any allegation that Queens Rehab discriminated against him based on a characteristic protected by Title VII, but rather complains that Queens Rehab discriminated against him by violating the terms of a "Conciliation Agreement" that Jeon and Queens Rehab had entered into to settle a prior complaint that Jeon brought before the New York City Commission on Human Rights. (Id. at 3.) The amended complaint asserts no other claims or bases for this Court's jurisdiction over this matter. (See id.)

1

On August 31, 2017, this Court ordered Jeon to submit a memorandum explaining why the Court has subject matter over this action. (D.E. # 19 ("Mem.").) Jeon responded to this request with a memorandum dated September 28, 2017. (D.E. # 20.) Jeon again disclaimed any Title VII claim and confirmed that his claims arise under state law. (See id. (describing a breach of contract action and citing Section 8-107(8) of the Administrative Code of the City of New York).) Jeon's memorandum does not argue diversity or any other grounds for federal jurisdiction. (See id.) For the reasons stated below, this Court lacks subject matter jurisdiction and accordingly dismisses the action.

## DISCUSSION

The Court "may examine subject matter jurisdiction, sua sponte, at any stage of the proceeding." Adams v. Suozzi, 433 F.3d 220, 224 (2d Cir. 2005) (quoting F.D.I.C. v. Four Star Holding Co., 178 F.3d 97, 100 n.2 (2d Cir. 1999)). "If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700–01 (2d Cir. 2000). By statute, a district court's subject matter jurisdiction typically may be exercised only when: (1) a federal question is presented; or (2) when the parties have complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. §§ 1331–32. Where a party is proceeding pro se, the court must "construe [the] pleadings broadly, and interpret them to raise the strongest arguments they suggest." Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000) (citation omitted). Although courts accordingly hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), pro se litigants must nonetheless establish subject matter jurisdiction, see, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999). Even when construed broadly, Jeon's pleadings do not support subject matter jurisdiction.

This action does not present a federal question. Although styled as a discrimination claim, Jeon's amended complaint states a single claim based on the breach of a state-law agreement entered into between him and Queens Rehab. He asserts that "Section 8-107(8) of the Administrative Code of the City of New York provides that it shall be an unlawful discriminatory practice for any party to a conciliation agreement . . . to violate the terms of such agreement." (Am. Compl. at 2.) However, a state-law cause of action will present a justiciable federal question only where "the vindication of a right under state law necessarily turn[s] on some construction of federal law." Bracey v. Bd. of Educ. of City of Bridgeport, 368 F.3d 108, 114 (2d Cir. 2004) (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 9 (1983)). Having disclaimed any reliance on Title VII and without asserting any other federal basis for his claims, (see Am. Compl.; Mem.), Jeon's breach of contract claim does not present a federal issue. See, e.g., Brown v. Apple Inc., No. 17-CV-369 (MKB), 2017 WL 1331254, at *3 (E.D.N.Y. Apr. 11, 2017) ("Plaintiff has not and cannot invoke the Court's federal question jurisdiction because he only alleges a claim for breach of contract.").

Nor does this Court have jurisdiction based on diversity of citizenship. As applicable here, a district court has diversity jurisdiction over an action if the parties are "citizens of different States." 28 U.S.C § 1332(a)(1). "An individual's citizenship for diversity purposes is determined by his or her domicile, as opposed to residence." See Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation"—i.e., "the place to which, whenever he is absent, he has the intention of returning." Martinez v. Bynum, 461 U.S. 321, 331 (1983). The party seeking to invoke diversity jurisdiction "bears the burden of demonstrating that the grounds for diversity exist

3

and that diversity is complete." Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998). Plaintiff has failed to carry this burden.

Nothing in Jeon's pleadings suggest citizenship affiliations that would support complete diversity. As alleged in Plaintiff's initial complaint, he resides in New York, and Queens Rehab is located in New York. (See Am. Compl. at 2.) Plaintiff also alleges that he worked for Defendant in Queens until his termination in 2011, that he litigated in the New York City Commission on Human Rights from his termination in 2011 to his reinstatement in 2013, and that he has worked for Defendant in Queens since his reinstatement in 2013. (See id. at 4.) These allegations strongly suggest that Plaintiff is a domiciliary of New York. See Johansen v. Confederation Life Ass'n, 447 F.2d 175, 180 (2d Cir. 1971) (considering a party's permanent residence and business contacts when determining domicile). In any event, Jeon's "failure to allege [his] citizenship in a particular state is fatal to diversity jurisdiction." Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000). (See also Am. Compl.; Mem.)

Accordingly, the Court lacks subject matter jurisdiction over this action.

## CONCLUSION

For these reasons, the case is dismissed for want of subject matter jurisdiction.

SO ORDERED.

Dated: November 22, 2017
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge